**In re Warren COKER and Henrietta Coker, Debtors.**

**The American Insurance Company, a foreign corporation, Plaintiff,**

**v.**

**Warren Coker and Henrietta Coker, Defendants.**

**Bankruptcy No. 99-5202-3F7.
Adversary No. 99-309.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 18, 2000.

James S. Myers, Robert E. Morris, P.A., Tampa, FL, for Plaintiff.

D. Lamar Smith, Jacksonville, FL, for Defendants.

1. The Court adopts by reference the Findings of Fact and Conclusions of Law made in its

## *ORDER ADJUDICATING DEBTORS IN CIVIL CONTEMPT FOR VIOLATION OF THIS COURT'S MAY 2, 2000 PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS*

JERRY A. FUNK, Bankruptcy Judge.

This Case comes before the Court on the Motion to Compel and for Sanctions against Defendants ("Motion") filed by the American Insurance Company ("AIC") on May 25, 2000. (Doc. 37.) On July 13, 2000 the Court conducted an evidentiary hearing on AIC's Motion. Debtors testified at this hearing and had an opportunity to present additional evidence. In conjunction with statements made orally on the record, the Court makes the following findings and rulings.

On May 2, 2000, this Court entered a Partial Summary Judgment that provided [1]:

> In accordance with this Court's March 13, 2000 Order Granting Entry of Partial Summary Judgment and May 2, 2000 Order Granting Motion for Entry of Final Judgment, it is **ORDERED** and **ADJUDGED:**

1. Partial Summary Judgment is entered in favor of Plaintiff, **THE AMERICAN INSURANCE COMPANY,** and against Defendants, **WARREN E. COKER** and **HENRIETTA L. COKER,** in the amount of **$225,000.00.**

2. Defendants, **WARREN E. COKER** and **HENRIETTA L. COKER,** are directed to turn over and pay **$225,000.00** obtained in settlement and compromise with the Department of the Navy on the contract project known as the Hazardous Waste Minimization Waste Treatment Plant # 1NADEP, NAS Jacksonville; Contract N62467–91–C–0484 to Plaintiff, **THE AMERICAN INSURANCE COMPANY, within ten (10)**

May 2, 2000 Order Granting Motion for Entry of Final Judgment in this Order.

days of entry of this Partial Summary Judgment.

3. To the extent that any portion of the aforementioned $225,000.00 is not turned over to Plaintiff within ten (10) days of entry of this Partial Summary Judgment, said portion constitutes a nondischargeable debt to Plaintiff pursuant to 11 U.S.C. § 523(a)(4) with interest accruing from the date of entry of this Partial Summary Judgment at the rate of 6.197%, for all of which let execution issue.

Debtors' failure to turn over the funds within ten days as provided in Paragraph 2 of the Partial Summary Judgment precipitated AIC's Motion. Debtors testified at the evidentiary hearing, but set forth no credible evidence of a satisfactory attempt to turn over the funds belonging to AIC. At the conclusion of the July 13, 2000 evidentiary hearing the Court noted a lack of jurisdiction over the funds in the trust but that those funds belong to AIC and should be turned over to AIC pursuant to the Partial Summary Judgment. Additionally, the Court noted that Debtors consented to the entry of the Partial Summary Judgment. Accordingly, the Court presumed that at the time of such consent Debtors had the actual ability to turn over these funds, otherwise Debtors would not have given their consent. Finally, the Court noted that despite the trust being created prior to Debtors' filing, a trust, even though irrevocable, may often be terminated or modified by various measures, which may include participation of beneficiaries or appointment of a new trustee. Bankruptcy Rule 9020 provides in part that:

(a) Contempt committed in presence of bankruptcy judge

Contempt committed in the presence of a bankruptcy judge may be determined summarily by a bankruptcy judge. The order of contempt shall recite the facts and shall be signed by the bankruptcy judge and entered of record.

(b) Other contempt

Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose. If the contempt charged involves disrespect to or criticism of a bankruptcy judge, that judge is disqualified from presiding at the hearing except with the consent of the person charged.

(c) Service and effective date of order; review

The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.

FED.R.BANKR.P. 9020.[2]

■ The Court agrees with, and to the extent applicable adopts, the holdings in

---

**2.** The Court also notes an August 5, 1998 Order issued by United States District Judge Ralph W. Nimmons, Jr. stating in part that:

While the Court recognizes that the bankruptcy court may be hesitant in this case to impose contempt sanctions in light of the

*Federal Trade Comm. v. Affordable Media, LLC,* 179 F.3d 1228 (9th Cir.1999) and *In re Lawrence,* 238 B.R. 498 (Bankr. S.D.Fla.1999) cited by AIC. Furthermore, this case presents a far more egregious scenario than *Lawrence* or *Affordable Media* because the funds at issue belonged to AIC, not Debtors. Debtors created an offshore trust with the assistance of their bankruptcy counsel. Debtors then took funds belonging to AIC and placed them in that trust. Debtors then filed for bankruptcy protection and later consented to a Partial Summary Judgment in which they would turn over said funds to AIC. Debtors now claim they cannot retrieve the funds because the trust is irrevocable, which Debtors claim they did not realize at the inception of the trust. However, Debtors failed to substantiate this claim and failed to place the actual trust document in evidence.

AIC impeached Mr. Coker's testimony to the point that none of his testimony could be considered credible.[3] Mr. Coker stated that he and his bankruptcy counsel contacted the trustee in the Bahamas and that the trustee refused to turn over the funds. Again, this testimony was not credible. Debtors' efforts in attempting to comply with the Partial Summary Judgment were at best minimal.

▮▮▮ Once AIC established that Debtors failed to comply with the Partial Summary Judgment, the burden shifted to the Debtors to demonstrate why they were unable to comply. *See Affordable Media,* 179 F.3d at 1239; *Lawrence,* 238 B.R. at 500. Additionally, Debtors' proposed defense of impossibility is invalid in that the law does not recognize the defense of impossibility when the impossibility is self created. *See Lawrence,* 238 B.R. at 501 (citing *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510, 1521–1522 (11th Cir.1986)); *Affordable Media,* 179 F.3d at 1241 (holding that party asserting impossibility defense must categorically and in detail show inability to comply).

The evidence presented does not show a diligent effort by Debtors to comply with this Court's Partial Summary Judgment that incorporated an order to turn over funds to AIC. In fact, Debtors produced no credible evidence of any effort whatsoever to attempt to comply. Based upon the Findings of Fact and Conclusions of Law made herein and statements made orally on the record, it is **ORDERED** and **ADJUDGED**:

1. Debtors are adjudged in civil contempt for their willful failure to comply with the specific and definite provisions of the May 2, 2000 Partial Summary Judgment, which required Debtors to turn over and pay **$225,000.00** obtained in settlement and compromise·with the Department of the Navy on the contract project known as the Hazardous Waste Minimization Waste Treatment Plant # 1NADEP, NAS Jacksonville; Contract N62467–91–C–0484 to AIC within ten **(10) days** of its entry.

2. Debtors shall appear **on August 17, 2000 at 10:30 a.m. in Room 200, United States Courthouse and Post Office Building, 311 West Monroe Street, Jacksonville, Florida 32202.**

3. If Debtors have not purged their contempt by the time of the August 17, 2000 hearing, Debtors shall be prepared to surrender themselves to the United States Marshal Service to be commended to the custody of the United States

---

historical restrictions on the bankruptcy court's power to sanction indirect criminal contempt, there does not appear to be any reason why, upon the resubmission of this case to the bankruptcy court, it should not enter an order directing that the contemnors be taken into custody until such time as they turned over the requested items.

*In re Mid–Florida Urgent Care Center, Inc.,* Case Nos. 98–544–Civ–J–21, 96–4731–BKC–3F7 (M.D.Fla.1988).

**3.** Mr. Coker's testimony contradicted statements previously made at various stages in this case and in other litigation related to this case. Mr. Coker did state that he has problems "thinking straight."

Bureau of Prisons to be held in custody until such time as the Debtors purge their contempt.

4. These provisions are effective from the time rendered from the bench on July 13, 2000 at approximately 4:00 p.m., notwithstanding any delay in the entry of this written Order.